IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DURHAM (#3237-16), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-2763-N-BN |
| DEE ANDERSON, Sheriff, | § § § | |
| Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should transfer this case *sua sponte* to the Fort Worth Division of the Northern District of Texas.

## Applicable Background, Legal Standards, and Analysis

Plaintiff James Durham, who appears to be incarcerated presently in the Wayne McCollum Detention Center in Waxachachie, Texas, has filed a *pro se* complaint under 42 U.S.C. § 1983 naming as the sole defendant Dee Anderson, the sheriff of Tarrant County, Texas, and alleging that his civil rights were violated at the Tarrant County jail in June 2016. *See* Dkt. No. 3.

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v.*

*Louisiana State Univ.,* 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a)*; see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiff's claims concern events that occurred at the Tarrant County jail, in the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). As "a substantial part of the events or omissions giving rise to the claim occurred" in the Forth Worth Division, the undersigned concludes that this action should be transferred to that division.

### Recommendation

This action should be transferred to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 3, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE